IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:19cr301-ALB-WC |
| ) | [21 U.S.C. § 841(a)(1)] |
| JAMES HENRY EDWARDS ) | |

The Grand Jury charges:

COUNT 1
(Distribution of a Controlled Substance)

On or about April 22, 2013 and continuing until on or about July 21, 2017, in Lee County, within the Middle District of Alabama and elsewhere, the defendant,

JAMES HENRY EDWARDS,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine, a Schedule II controlled substance; hydrocodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance; diazepam, a Schedule IV controlled substance; and zolpidem, a Schedule IV controlled substance, all to Adam P., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons. All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 2
(Distribution of a Controlled Substance)

On or about October 23, 2013 and continuing until on or about September 7, 2017, in Lee County, within the Middle District of Alabama and elsewhere, the defendant,

JAMES HENRY EDWARDS,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance; diazepam, a Schedule IV controlled substance; and lorazepam, a Schedule IV controlled substance, all to Matthew H., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons.  All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 3
(Distribution of a Controlled Substance)

On or about October 20, 2016 and continuing until on or about September 12, 2017, in Lee County, within the Middle District of Alabama and elsewhere, the defendant,

JAMES HENRY EDWARDS,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine, a Schedule II controlled substance; lisdexamfetamine, a Schedule II controlled substance; and methylphenidate, a Schedule II controlled substance, all to Robert C., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons.  All in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATION

A.  The allegations contained in counts 1 through 3 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

B.   Upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1), set forth in counts 1 through 3 of this indictment, the defendant,

JAMES HENRY EDWARDS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds the said defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 841(a)(1).

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Jonathan S. Ross
Assistant United States Attorney

_____
Megan A. Kirkpatrick
Assistant United States Attorney

_____
Alice S. LaCour
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney

4